MOLL, Appellant, v. MOLL, et ux, Respondent

(14 N. W.2d 124.)

(File No. 8685. Opinion filed April 25, 1944.)

**W. J. Hooper,** of Gregory, for Appellant.

**J. F. Frame,** of Burke, for Respondents.

RUDOLPH, J.   In this action plaintiff sought to recover upon a certain promissory note dated March 1, 1936, and also sought to set aside a real estate mortgage executed by the defendant David J. Moll to his wife, Leona Moll. The answer was a general denial.   The case was tried to the court and the court found that the note on which the action was based was a forgery.   Based upon the findings, a judgment was entered dismissing the action on its merits.   Thereafter, the plaintiff filed a motion asking the court to enter an amended decision based upon certain evidence introduced at the trial. Plaintiff has appealed from the order denying this motion. The plaintiff in the motion conceded that this evidence was not within the issues raised by the pleadings but contended that the court should enter judgment under the provisions of SDC 33.0914, which is in part as follows:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these

issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * *"

During the trial of this action the defendants consistently denied the execution of the note. However, during the course of the trial certain evidence crept in relating to an obligation owing from the defendant David J. Moll to the plaintiff. This obligation arose over the purchase and sale of an automobile in the year 1926, at which time a promissory note was executed by the defendant David J. Moll in favor of the plaintiff for the exact amount of the alleged note sued upon. The purpose is not clear, but the defendants proceeded to offer testimony that certain payments had been made upon this old obligation. When this testimony was offered the plaintiff objected to it as follows:

"That is objected to as incompetent, irrelevant and immaterial for any purpose. The only question involved in this case is whether this note 'Exhibit A' is the note of David J. Moll. He denies it and that is the only defense he attempts to set up. He hasn't plead payment of the original obligation in any way, and payment is an affirmative defense which must be alleged and proven."

This objection was overruled by the trial court, but the plaintiff continued to object to testimony of a similar character to that to which the original objection was made. However, this evidence was all admitted by the trial court, and thereafter the plaintiff denied quite generally the payments claimed to have been made by the defendant.

We think it clear from this record that at all times up until the entry of judgment against him, the plaintiff was attempting to confine his action to his right of recovery on the note set forth in his complaint. It was only after the entry of the judgment that the plaintiff for the first time contended that the evidence would support a judgment based, not on the note upon which suit was brought, but upon the obligation originating in 1926. The contention runs contrary to the objections plaintiff made at the trial to the evidence, and is admittedly not within the issues raised by the pleadings. We are satisfied there was no "express or implied con-

sent'', within the meaning of SDC 33.0914 to try the issue now sought to be raised by the plaintiff.

The order appealed from is affirmed.

All the Judges concur.